IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| BRIAN TRAMMELL, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 5:12-cv-553-IPJ-TMP |
| MRS. DUKES, MR. SHAW, CAPTAIN FLOWERS, LAURA SHADDIX, CHIEF HUBBARD, SGT. HARRIS, | ) |
| Defendants | ) |

MEMORANDUM OPINION

The magistrate judge filed his report and recommendation in this case on November 15, 2012, recommending that the complaint be dismissed without prejudice for failure to state a claim. Plaintiff filed his objections to the report and recommendation on November 21, 2012. Having now carefully reviewed and considered *de novo* the report and recommendation, the objections to it, and other materials in the court file, the court finds that the report is due to be ADOPTED and the recommendation ACCEPTED, but for the reasons expressed below. By separate Order the court will dismiss the complaint.

The complaint alleges that in June 2010, plaintiff was housed in a cellblock in the Talladega County Jail along with other inmates awaiting transfer to the state Department of Corrections. Further, about two hours before plaintiff was attacked by four inmates, one of those inmates called to defendant Dukes, a jailer, over the intercom, telling her that if his brother was not moved to the same cellblock within two hours, the inmate would "hurt" someone so that jail officials would not be able to go home after their shift. The complaint alleges that defendant Dukes then conferred with

her supervisor, Sgt. Bobo (who is not a defendant in this action), who said that he was "not worried about that shit." Two hours after the intercom call, the inmate and three others attacked plaintiff, stabbing him in the head, hitting his head with a blunt object, and punching and kicking him. Defendant Shaw was the first jail official on the scene, but he could not enter the cellblock to stop the assault until other jailers and officers arrived as back-up. When then did arrive, they all entered the cellblock, stopped the assault of plaintiff, and found a homemade knife hidden under the stairwell in the cellblock. Plaintiff was removed from the cellblock and treated for his injuries. Photographs of his injuries were taken and an investigation was started by Sgt. Bonnifer and Chief Hubbard, who told the plaintiff that he could press charges against the inmates who assaulted him, and plaintiff stated that he wanted to do so. The jail administrator, Captain Flowers, never spoke to plaintiff. Other than naming them as defendants, the complaint alleges nothing about defendants Laura Shaddix and Sgt. Harris.

When plaintiff filed his objections to the report and recommendation, he alleged additional facts he admits were not alleged in the complaint. In the objections, he asserts that two of the four inmates assaulting him were awaiting transfer to the state Department of Corrections after they had been sentenced to life without parole on a capital murder charge. Further, he alleges that in the two months he was on the cellblock, there were at least 18 other assaults on inmates by this group of four inmates. Just four days before plaintiff's assault, jail officials conducted a "shakedown" search of the cellblock for a homemade knife, but did not find it.

Taking first the facts as alleged in the complaint — which are the only facts that were made known to the magistrate judge — the court agrees that plaintiff has failed to state a claim against the named defendants. As the magistrate judge pointed out in the report and recommendation, jail inmates have a constitutional right to be protected by jail officials from a threat of harm by other

inmates. The Eighth Amendment is violated only when a prisoner is incarcerated under conditions that expose him to a "substantial risk of serious harm" and only when prison officials are "deliberately indifferent" to that risk. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). *See also Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir.), *cert. denied*, 496 U.S. 928 (1990). "Deliberate indifference describes a state of mind more blameworthy than negligence" and ordinary lack of due care for a prisoner's interest or safety will not support an Eighth Amendment claim. *Farmer v. Brennan*, 511 U.S. at 835. "Merely negligent failure to protect an inmate from attack does not justify liability under section 1983." *Brown v. Hughes*, supra, at 1537; *see also Neals v. Norwood*, 59 F.3d 530 (5th Cir. 1995) and *Carter v. Galloway*, 352 F.3d 1346(11th Cir. 2003). Prison officials cannot be liable under the Eighth Amendment unless they know of and disregard an excessive or substantial risk to inmate health or safety. *Id*. at 837.

In this case, the complaint alleges only that defendant Dukes was aware of the threat made by the inmate to "hurt" someone, and she took it to her supervisor, Sgt. Bobo. Plainly, defendant Dukes, even under the plaintiff's description of the facts, was not "deliberately indifferent" in that she sought the advice and assistance of her supervisor. It was Sgt. Bobo who made the decision not to respond to the threat, and he is not named as a defendant in this action. There is no allegation that any other defendant was aware of the threat made just two hours before the attack, and thus they could not have been deliberately indifferent to a substantial risk of harm.

Even if one adds the facts set out in the plaintiff's objections (treating the objections as an amendment to the complaint), which were not before the magistrate judge when he filed the report and recommendation, they still do not establish that the jail defendants were "deliberately indifferent" to the safety of inmates in the jail. First, plaintiff admits that he was properly in the cellblock used to hold sentenced inmates awaiting transfer to the state Department of Corrections.

He does not allege that he was improperly classified or housed in the wrong cellblock.  Although at least two of the attacking inmates had been sentenced to life without parole for capital murder, they too were properly in the DOC transfer cellblock, not mixed in with pretrial detainees or prisoners serving misdemeanor sentences.  Jail officials conducted a "shakedown" search of the cellblock, looking for a knife, just days before the assault, which shows that they were not deliberately indifferent to the danger.  Although it is disturbing to read plaintiff's allegation that these same inmates had assaulted at least 18 other inmates during the two months plaintiff was in the cellblock, the complaint does not allege that jail officials failed to take some action in response.  Jails are often overcrowded and unfortunately dangerous places, and the complaint does not allege that jail officials had other options for handling the inmates.  It is up to the plaintiff to allege facts showing not just danger and negligence, but that jail officials were deliberately indifferent to the threat of harm, and he has not done so.

By separate order, the court will dismiss the complaint.

The Clerk is DIRECTED to mail a copy of the foregoing to the plaintiff.

DONE this 27th day of November 2012.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE